IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

JONATHAN LUCIANO-PADILLA [2],

Defendant.

CRIMINAL NO. 08-245 (JAG)

**REPORT AND RECOMMENDATION**

Defendant Jonathan Luciano Padilla was charged in a one count Information wherein "in or about October 2007 up to on or about October 23, 2007, in the District of Puerto Rico and elsewhere within the jurisdiction fo this court, the defendants: Wilfredo Padilla Quiñones, and Jonathan Luciano-Padilla, did knowingly and intentionally combine, conspire, and agree with others to commit an offense against the United States, to wit: to possess with intent to distribute a mixture or substance containing five hundred (500) grams or more of cocaine a Schedule II, Narcotic Drug Controlled Substance.  All in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

Defendant appeared before this Magistrate Judge on June 3, 2008, since the Rule 11 hearing was referred by the court.  Defendant was provided with the Waiver of Indictment and a Waiver of Right to Trial by Jury, which he signed and agreed upon voluntarily after examination in open court, under oath.

Defendant indicated and confirmed his intention to plead guilty to Count One of the Information, upon being advised of his right to have said proceedings before a district judge of

this court.[1] Upon verifying through defendant's statement his age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain his capacity and ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to defendant's competency and ability to understand the proceedings.

Having further advised defendant of the charges contained in above-stated Count One of the Information, he was examined and verified as being correct that: he had consulted with his counsel, Luis R. Rivera-González, Esq., prior to the hearing to enter a plea of guilty, that he was satisfied with the services provided by his legal representative and had time to discuss with him all aspects of the case, insofar, among other things, regarding the hearing to enter the plea, the consent to proceed before a United States Magistrate Judge, the content of the Information and Waiver of Indictment, and charges therein, his constitutional rights, and the consequences of the waiver of same.

Defendant was specifically appraised by this Magistrate Judge that, by entering a plea of guilty to the charges specified, he was waiving his right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict. He was also waiving his right to be presumed innocent and for the government to meet the obligation of establishing his guilt beyond a reasonable doubt. Furthermore, he was waiving his right during said trial to confront the witnesses who were to testify against him and be able to cross-examine them,

---

[1] The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

United States v. Jonathan Luciano Padilla [2]
Criminal No. 08-245(JAG)
Report and Recommendation
Page No. 3

through counsel at said trial, as well as present evidence on his behalf. He was also waiving the right to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify. Defendant was specifically appraised of his right to take the stand and testify, if he so decided, or not to testify, and no inference or decision as to his guilt could be made from the fact if he decides not to testify. Defendant was also explained his right not to incriminate himself; that upon such a waiver of all above-discussed rights a judgment of guilty and his sentence were to be based on his plea of guilty, and he would be sentenced by the judge after considering the information contained in a pre-sentence report.

As to all the above, defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of his counsel, Attorney Rivera-González, indicated he freely and voluntarily waived those rights and understood the consequences. During all this colloquy, defendant was made aware that he could freely request from this Magistrate Judge any additional clarification, repetition, or ask questions and that he may consult with his attorney at any given time as to any issue.

Defendant expressed his understanding of the penalties prescribed by statute for the offense as to which he was pleading guilty, including the term of imprisonment of at least five (5) years, but not more than forty (40); a fine not to exceed two million ($2,000,000.00) dollars, and a term of supervised release of at least four (4) years, in addition to a special assessment of one hundred dollars ($100.00), per count, as required by Title 18, United States Code, Section 3013(a).

Having ascertained directly from defendant that he had not been induced in any way to plead guilty, that no one had forced him in any way to plead guilty, nor that he had been offered any reward or any other thing of value to get him to plead guilty, the document entitled "Plea Agreement (Pursuant to Rule 11(c)(1)(A) & (C) FRCP" (the Agreement) was shown to defendant, verifying his signature and initials on each and every page.

Defendant was informed of the Rule 11(c) warnings as included in paragraph six (6) of the Agreement as follows: The defendant is also aware that, pursuant to Federal Rules of Criminal Procedure 11(c)(1)(C), the Court may accept or reject the plea agreement, or may defer its decision as to its acceptance or rejection until it has considered the pre-sentence report. If the Court rejects the plea agreement, the court shall, on the record, inform the parties of this fact, and afford the defendant an opportunity to withdraw the guilty plea and advise the defendant the if the defendant persists in a guilty plea, the disposition of the case may be less favorable to the defendant than that contemplated in the plea agreement. In addition, as part of the terms and conditions of this plea agreement, the parties agree that, should the court reject the plea agreement, the United States reserves the right to withdraw from its obligations under the same.

Pursuant to paragraph eight (8) of the Agreement, the parties stipulate that, for purposes of the guidelines calculation under the Plea, this defendant shall be accountable for conspiring to possess with the intent to distribute at least fifty (50), but less than one hundred and fifty (150) kilograms of cocaine.

The above-captioned parties' estimate and agreement appears on page four (4), paragraph nine (9) of the Agreement, regarding the possible applicable advisory Sentencing

United States v. Jonathan Luciano Padilla [2]
Criminal No. 08-245(JAG)
Report and Recommendation
Page No. 5

Guidelines, were further elaborated and explained. The parties have agreed that the Base Offense Level is of thirty-six (36), based on approximately 140 kilos seized. Pursuant to role related adjustment (leadership role), a two (2) level reduction is warranted. Pursuant to U.S.S.G. § 2D1.1(a)(3)(iii), a three (3) level reduction is warranted due to role adjustment. Pursuant to U.S.S.G. § 3E1.1(a), a three (3) level reduction for acceptance of responsibility is warranted, for a Total Offense Level of twenty-eight (28), yielding an imprisonment range of seventy-eight (78) to ninety-seven (97) months assuming a Criminal History Category of I. The parties make no stipulation as to defendant's Criminal History Category.

Pursuant to paragraph ten (10) of the Agreement, the parties agree to recommend that defendant be sentenced to a term of imprisonment at the **HIGHER END** of the above Adjusted Offense Level. For instance, the government would recommend a sentence of imprisonment of 97 months in a Criminal History Category I. However, if it is determined that defendant's Criminal History Category is different, the recommendation should be adjusted accordingly to the **HIGHER END** of the **ADJUSTED OFFENSE LEVEL** within the applicable Criminal History Category determined by the Court.

Pursuant to paragraph eleven (11) of the Agreement, the United States and the defendant agree that no further adjustments or departures to the defendant's total adjusted base offense level and no variance sentence under 18 USC § 3553 shall be sought by the parties. The parties agree that any request by the defendant for an adjustment or departure will be considered a material breach of this plea agreement.

Pursuant to paragraph thirteen (13) of the Agreement, Counts One through Four of the Indictment in case 07-CR-519(JAG) will be dismissed at sentencing.

As part of the written Agreement, the government, the defendant, and his counsel also agreed that they were aware that the Sentencing Guidelines are no longer mandatory and are thus considered advisory.

The government presented to this Magistrate Judge and to defendant, assisted by his counsel, a summary of the basis in fact for the offenses charged and the evidence the government had available to establish, in the event defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt. Counsel and defendant acknowledged the evidence of the government was fully disclosed to them and previously discussed between the two. Defendant was able to understand this explanation and agreed with the government's submission. Defendant was also read and shown a written document entitled Government's Version of the Facts, which had been signed by defendant and his counsel and is attached to the Agreement, wherein the signature of counsel for the government also appears.

Defendant was explained that the Agreement with the government does not bind any other district, except the district of Puerto Rico, and it contained all the promises, terms and conditions which defendant, his attorney and the government, have entered.

Having once more ascertained that defendant has indicated not being induced to plead guilty, and was entering such a plea because in fact he is guilty, without any promises or

predictions being made as to the sentence to be imposed by the court, defendant was informed that parole has been abolished under the advisory Sentencing Reform Act and that any sentence of imprisonment would be served, without him being released on parole.

Defendant was additionally informed that normally prior to sentence, the sentencing judge will have a pre-sentence report and that it would be made available to him, to his counsel and to the government, so that they be allowed to correct or object to any information contained in said report which was not accurate. Depending on the facts found by the court at the time and the sentence imposed, both defendant and the government may appeal the sentence of the court.[2]

Defendant was read in open court and shown the Information, provided an opportunity to see and examine same, indicating he availed himself of the opportunity to further discuss same with his attorney and then he positively stated that what was contained in Count One of the Information was what he had done and to which he was pleading guilty during these proceedings. Thereafter, defendant expressed in no uncertain terms that he agreed with the government's evidence as to his participation in the offense. Thereupon, defendant indicated he was pleading guilty to Count One of the Information in Criminal No. 08–245 (JAG).

This Magistrate Judge after having explained to the defendant his rights, ascertaining that he was acting freely and voluntarily to the waiver of such rights and in his decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such

---

[2] The right to appeal is subject to certain limitations allowed by law since the Agreement also includes in paragraph twenty (20) a waiver of appeal. Defendant and his counsel acknowledged discussing the waiver of appeal and its consequences.

<u>United States v. Jonathan Luciano Padilla [2]</u>
Criminal No. 08-245(JAG)
Report and Recommendation
Page No. 8

a plea, is recommending that a plea of guilty be entered as to Count One of the Information in Criminal No. 08–245 (JAG).

**IT IS SO RECOMMENDED.**

The sentence will be promptly scheduled, before Hon. Jay A. García Gregory, District Court Judge.

San Juan, Puerto Rico, this 7th day of July of 2008.

> s/ CAMILLE L. VELEZ-RIVE
> CAMILLE L. VELEZ-RIVE
> UNITED STATES MAGISTRATE JUDGE